UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DISNEY ENTERPRISES, INC.,

          *Plaintiff,*

– against –

FINANZ ST. HONORÉ B.V.,

          *Defendant.*

**ECF Case**

Case No. 13 Civ. 6338 (NG) (SMG)

## AMENDED COMPLAINT

Plaintiff Disney Enterprises, Inc. ("DEI"), by its attorneys Schwartz and Thomashower LLP, alleges as follows against Defendant Finanz St. Honoré, B.V. ("Finanz"):

### NATURE OF THE ACTION

1. This is an action for breach of contract under New York State law and for a declaratory judgment under 28 U.S.C. § 2201 concerning Finanz's refusal to comply with its contractual obligation to pay the attorneys' fees and costs DEI has incurred and will incur because Finanz allegedly improperly terminated its trademark license agreement with Icebox, Inc. ("Icebox").

### JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332. The matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

3. This Court has personal jurisdiction over the defendant pursuant to CPLR § 301 because, upon information and belief, Finanz continuously and systematically conducts or

solicits business in New York and pursuant to CPLR § 302(a) because, among other things, this claim arises out of Finanz's New York business transactions, including its alleged wrongful termination of its license with Icebox, a New York corporation, which provides that Finanz agrees to litigate claims arising out of that agreement exclusively in New York and Finanz's agreement with DEI, which provides that it will be construed and enforced in accordance with the laws of the state of New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Finanz may be sued in any judicial district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and Finanz is subject to personal jurisdiction in this district.

## THE PARTIES

5. Plaintiff Disney Enterprises, Inc. is a corporation organized and existing under Delaware law, with a principal place of business at 500 South Buena Vista Street, Burbank, California.

6. Defendant Finanz St. Honoré, B.V. is a company organized and existing under the laws of The Netherlands, with a principal place of business in Amsterdam, The Netherlands.

## FACTS

**The Purchase Agreement**

7. DEI and Finanz entered into a Trademark Purchase Agreement dated February 23, 2006 (the "Purchase Agreement"), pursuant to which Finanz sold and assigned all of its rights to the trademarks and trade names TINKERBELL, TINK, and the BIG T (the "Trademarks" or "TINKERBELL marks") to DEI free of any encumbrances.

8. Finanz represented and warranted to DEI that Finanz had validly terminated its license agreement with Icebox for the Trademarks (the "Icebox License") and that Icebox no

longer had the right to use any of the previously licensed TINKERBELL marks. Finanz also assigned its rights and obligations, but not its liabilities, to Icebox under the Icebox License to DEI. Purchase Agreement ¶¶ 3.4(a) and (b).

9. Finanz agreed to indemnify and hold DEI harmless from "any claims, actions, demands, liabilities, damages or costs asserted by Icebox, Inc." against either DEI or Finanz for which DEI "may become responsible" arising out of (i) the Icebox License, (ii) Finanz's termination of that license, (iii) the assignment of Finanz's rights and obligations under the Icebox License to DEI, or (iv) arising out of the Purchase Agreement (the "Covered Claims"). Purchase Agreement ¶ 3.4 (c).

10. Finanz also separately agreed to pay DEI's defense costs, including legal fees, if Icebox made a demand or filed an action that "triggered" DEI's indemnification rights. The Purchase Agreement gave DEI the right to select and retain its own attorney. Purchase Agreement ¶ 3.4(e).

11. Finally, Finanz agreed to reimburse DEI for its attorneys' fees and costs if Finanz fails to pay DEI's defense or other costs in connection with a Covered Claim. Purchase Agreement ¶ 3.4(g).

**The Litigations**

12. On February 8, 2007, Icebox-Scoops, Inc. doing business as Icebox, Inc. sued Finanz and its affiliate Dana Classic Fragrances, Inc. in this Court. (*Icebox-Scoops, Inc. v. Finanz St. Honoré, B.V., and Dana Classic Fragrances, Inc.,* 07 Civ. 0544, the "Finanz Litigation"). Icebox claimed breach of contract, breach of express warranty, fraud, negligent misrepresentation, unjust enrichment, and equitable and promissory estoppel based on Finanz's termination of the Icebox License and subsequent sale of the Trademarks to DEI.

13. On February 1, 2010, Icebox sued DEI and its parent company The Walt Disney Company ("TWDC") in this Court for various claims also based on Finanz's termination of the Icebox License and subsequent sale of the Trademarks to DEI. (*Icebox-Scoops, Inc. v. Disney Enterprises, Inc. and The Walt Disney Company*, 10 Civ. 0421, the "DEI Litigation;" the Finanz Litigation and the DEI Litigation are sometimes collectively referred to as the "Litigations").

14. The Litigations were ultimately assigned to Judge Gershon as related cases and on March 8, 2011, this Court consolidated discovery in the Finanz Litigation and the Disney Litigation.

15. On March 30, 2012, this Court dismissed the DEI Litigation. The Second Circuit affirmed on April 15, 2013.

16. In the Finanz Litigation, DEI as a non-party produced documents to Icebox and Icebox deposed DEI's witness in response to two Icebox subpoenas, for which it incurred attorneys' fees and costs. Upon information and belief, DEI is going to incur additional fees and expenses related to that litigation, which remains pending in this Court.

**The Attorneys' Fees and Costs**

17. The DEI Litigation and the demands against DEI and TWDC in the Finanz Litigation are Covered Claims which "triggered" DEI's right, pursuant paragraph 3.4(e) of the Purchase Agreement, to retain counsel of its choosing at Finanz's expense.

18. As of the filing of this Amended Complaint, Finanz has paid $101,689.65 of the approximately $459,140 in attorneys' fees and costs incurred for Covered Claims in the Litigations. Accordingly, there is a balance of approximately $357,450, which remains unpaid, plus any incurred, but unbilled fees.

19. DEI has repeatedly demanded that Finanz comply with its obligations under the Purchase Agreement and pay the attorneys' fees and costs DEI has incurred in connection with the Litigations. Finanz has refused, claiming that its obligation to do so under the Purchase Agreement terminated six years after the closing of the Purchase Agreement.

20. Finanz has also stated that it will not pay for any future attorneys' fees and costs incurred for Covered Claims.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

21. DEI repeats and realleges each and every allegation contained in paragraphs 1-20 of this Complaint as if each were fully set forth herein.

22. Pursuant to the terms of the Purchase Agreement, Finanz is obligated to pay the attorneys' fees and costs DEI has incurred for Covered Claims in the Litigations.

23. By failing to pay these attorneys' fees and costs, Finanz has breached its obligations under the Purchase Agreement.

24. DEI has fully complied with its obligations under the Purchase Agreement.

25. By reason of the foregoing, DEI has been damaged in an amount to be determined, but not less than $357,450.

### SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

26. DEI repeats and realleges each and every allegation contained in paragraphs 1-25 of this Complaint as if each were fully set forth herein.

27. Finanz's statement that it will not pay for future attorneys' fees and costs incurred for Covered Claims creates an actual controversy concerning Finanz's obligations under the Purchase Agreement.

28. DEI therefore seeks a declaration, pursuant to 28 U.S.C. § 2201, that Finanz is obligated to pay for any future attorneys' fees and costs incurred for Covered Claims.

## THIRD CLAIM FOR RELIEF
(Attorneys' Fees and Costs)

29. DEI repeats and realleges each and every allegation contained in paragraphs 1-28 of this Complaint as if each were fully set forth herein.

30. This action arises out of Finanz's failure to comply with its obligations pursuant to paragraph 3.4 of the Purchase Agreement.

31. As provided in paragraph 3.4(g) of the Purchase Agreement, DEI is entitled to recover from Finanz all of the attorneys' fees and costs it incurs in this action.

## RELIEF REQUESTED

WHEREFORE, plaintiff Disney Enterprises, Inc. requests that Judgment be entered in its favor and against defendant Finanz St. Honoré, B.V. as follows:

A. On the first claim for relief, awarding DEI damages, in an amount to be determined, but not less than $357,450;

B. On the second claim for relief, a declaration that Finanz is obligated to pay future attorneys' fees and costs incurred for Covered Claims in the Finanz Litigation;

C. On the third claim for relief, awarding DEI the attorneys' fees and costs it incurs in this action;

D.   On all claims for relief, pre and post judgment interest as allowed by law; and

E.   On all claims for relief, such other and further relief as this Court deems just and proper.

Dated: January 28, 2015
       New York, New York

SCHWARTZ & THOMASHOWER LLP

By: _____
Rachel Schwartz
15 Maiden Lane, Suite 705
New York, New York 10038
(212) 227-4300
rschwartz@stllplaw.com

*Attorneys for Plaintiff*
DISNEY ENTERPRISES, INC.