UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x
DISNEY ENTERPRISES, INC., :
: CIVIL ACTION
Plaintiff, : NO: 13-CV-6338 (NG) (SMG)
:
-against- :
:
FINANZ ST. HONORÉ, B.V., :
:
Defendant. :
------------------------------------x

**MEMORANDUM IN SUPPORT OF MOTION OF PATRIARCH PARTNERS AGENCY SERVICES, LLC TO INTERVENE AS SECURED CREDITOR AND TO VACATE OR AMEND MAY 1, 2017 ATTACHMENT ORDER**

Patriarch Partners Agency Services, LLC ("PPAS"), in its capacity as administrative agent for certain Senior Secured Lenders of Defendant Finanz St. Honoré B.V. under various Credit Agreements, submits this memorandum of law in support of its motion (the "Motion") to intervene in this litigation in order to move the Court to vacate or amend the May 1, 2017 Attachment Order. Such vacatur or amendment is necessary to protect the senior secured interests of the non-party Senior Secured Lenders in property owned by Defendant Finanz St. Honoré B.V. ("Finanz"), including but not limited to its intellectual property.

On May 1, 2017, this Court granted the motion of Plaintiff Disney Enterprises, Inc. ("DEI") seeking a pre-judgment attachment of personal property and assets of Finanz, including its trademarks, copyrights, patents, receivables and any debt due or to become due to it, and issued the May 1, 2017 Attachment Order. On April 25, 2007, more than ten years prior to the issuance of the May 1, 2017 Attachment Order by this Court, Finanz had

already granted continuing security interests in all present and future tangible and intangible property and assets, whether then owned or subsequently acquired (the "Finanz Collateral"), to PPAS, as administrative agent for certain secured lenders (the "Senior Secured Lenders"), as security for loans from those lenders to Finanz (the "Security Agreement"). The rights of the Senior Secured Lenders to the Finanz Collateral will be substantially impaired if PPAS is not allowed to intervene in this action as agent for the Senior Secured Lenders, and the May 1, 2017 Attachment Order is not vacated or amended.

## BACKGROUND FACTS

The security interests relevant to this action arise out of the Security Agreement, dated April 25, 2007, and pursuant to which PPAS, as administrative agent for the Senior Secured Lenders, was granted a continuing security interest in and to all of Finanz's present and future collateral as security for a loan from the Senior Secured Lenders to Finanz. A true and correct copy of the Security Agreement is attached to the Affidavit of Kathleen M. Patrick at Exhibit A.

PPAS perfected the security interests of the Senior Secured Lenders in the Finanz Collateral when it filed UCC financing statements in Florida, Pennsylvania, Delaware and Washington, D.C. on or about April 27, 2007. True and correct copies of the UCC filing statements recording the security interests in the Finanz Collateral of PPAS, of PPAS, as agent for the Senior Secured Lenders, are attached to the Affidavit of Kathleen M. Patrick at Exhibit B.

At the time it entered into the Security Agreement, Finanz's primary assets were its trademarks, copyrights and patents, each of which was the subject of an individual

collateral assignment and security agreement. True and correct copies of the Trademark, Copyright and Patent Collateral Assignment and Security Agreements assigning security interests in the Finanz intellectual property to PPAS (collectively, the "IP Assignments") are attached to the Affidavit of Kathleen M. Patrick at Exhibits C, D and E. In addition to filing UCC financing statements recording the secured interests of PPAS in the Finanz Collateral, PPAS also duly filed the IP Assignments with the United States Patent and Trademark Office ("USPTO") and the United States Copyright Office ("USCO") in or about August 2007. True and correct copies of the USPTO/USCO filing records with respect to the IP Assignments are attached to the Affidavit of Kathleen M. Patrick at Exhibit F.

PPAS, a agent for the Senior Secured Lenders, appeared at the May 1, 2017 hearing in this action to advise the Court of the Senior Secured Lenders' first perfected secured interests in the Finanz Collateral, with respect to which Plaintiff sought a pre-judgment attachment. Over the objections of PPAS, this Court entered the May 1, 2017 Attachment Order granting the Plaintiff a pre-judgment judicial lien on the Finanz Collateral, with a broad directive enjoining:

> Defendant, its agents, employees, attorneys, affiliated entities, including without limitation Dana Classic Fragrances, Inc., IMG Holdings, Inc., and Patriarch Partners, LLC and all persons in possession of property in which Finanz has an interest, and all persons in active concert or participation with any of the foregoing, and all persons who receive actual notice of this Order by personal service or otherwise … from directly or indirectly transferring, requesting, or directing the transfer of any such property on deposit with them or held under their control, including the Trademarks and any royalties generated therefrom.

May 1, 2017 Attachment Order, at 5.[1] This Order prevents not only parties to this action, but also non-parties to the action from exercising their superior rights to the Finanz Collateral, including availing themselves of contractual remedies with respect to the Collateral, including foreclosure upon default. The May 1, 2017 Attachment Order has resulted in a classic "tail wagging the dog" scenario in which an unsecured judgment creditor is preventing the parties to a decade old credit agreement that created perfected senior security interests in the Finanz Collateral from performing under that agreement and/or exercising their rights to the Finanz Collateral. PPAS, as agent for the Senior Secured Lenders, now seeks to intervene in this matter and to vacate or amend the May 1, 2017 Attachment Order to protect the Senior Secured Lenders' perfected senior security interests in the Finanz Collateral.

## ARGUMENT

PPAS should be allowed to intervene in this action because the May 1, 2017 Attachment Order interferes with the ability of PPAS, as agent for the Senior Secured Lenders, to exercise its rights to and lien upon the Finanz Collateral, which rights and lien are superior to any interest which DEI may assert by virtue of its claims herein. Upon a default by Finanz, PPAS, as agent for the Senior Secured Lenders, is entitled and must be permitted to immediately exercise its rights to control the Finanz Collateral pursuant to the

---

[1] PPAS is not specifically named in the Attachment Order and therefore a question arises as to whether or not PPAS is even subject to the Order. However, as PPAS had actual notice of the Attachment Order, in order to ensure that its interests are adequately protected and for purposes of this motion only, PPAS will assume it is subject to the Attachment Order while reserving all rights. Regardless of whether the Attachment Order applied to PPAS, the Order's restrictions on the use and transfer or assets and property held by those entities that are specifically named in the Attachment Order impermissibly impedes PPAS' superior secured rights in such assets and property.

express terms of the Security Agreement and the IP Assignments, all of which predate the May 1, 2017 Attachment Order.

### I. PPAS' RIGHTS AS A SENIOR SECURED CREDITOR PERMIT IT TO INTERVENE IN THIS ACTION

Upon filing of a timely motion, Federal Rule of Civil Procedure 24(a)(2) requires this Court to "permit anyone to intervene" who demonstrates "an interest relating to . . . the subject of the action" that would be impaired "as a practical matter" because of the action, unless the interest is adequately represented by existing parties to the litigation. *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 34-35 (S.D.N.Y. 1992) (citing Fed. R. Civ. Proc. 24(a)(2)) (prohibiting intervention will result in awarding the property to plaintiff, because plaintiff will offer unrefuted proof of ownership). As the Supreme Court has stated, "a traditional basis for intervention [as of right] derives … when a number of persons possess claims to [property] … which are or may be mutually exclusive." *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 286 U.S. 129, 146 (1967). It is settled law that Rule 24(a) should be construed liberally in favor of permitting intervention. *See, e.g., Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972).

The security interests of PPAS, as agent for the Senior Secured Lenders, in the Finanz Collateral are clearly an interest in property under the Uniform Commercial Code adopted by the state of New York, which defines a "security interest" as "an interest in personal property or fixtures which secures payment or performance of an obligation." N.Y. U.C.C. § 1-201 (b)(35).

Courts have consistently held that a property interest is "the most elementary type of right that Rule 24(a) is designed to protect," because it is definite, specific to the entity possessing it, and legally protectable. *See e.g., Diaz v. S. Drilling Corp.,* 427 F.2d 1118,

1124 (5th Cir. 1970); *Texas v. United States*, 805 F.3d at 653, at 658 (5th Cir. 2015) ("an interest that is concrete, personalized, and legally protectable is sufficient to support intervention" under Rule 24(a)). Therefore, a party with a security interest has a property interest sufficient to support a Rule 24(a) motion to intervene. *See BCL-Equipment Leasing v. Davis*, No. 2:15-CV-195-WCB, 2016 WL 115696, at *2 (E.D. Tex. Jan. 11, 2016) ("'person who possessed a security interest…has the right to intervene'") (*quoting Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos*, 831 F.2d 59, 62 (5th Cir. 1987)).

This Court should allow PPAS, as agent for the Senior Secured Lenders, to intervene in this action in light of the fact that the Senior Secured Lenders have decade-old perfected and continuing senior security interests in the Finanz Collateral, and are "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties represent that interest." Fed. R. Civ. P. 24(a)(2). This motion is timely because the Finanz Collateral did not become an issue in this matter until the pre-judgment May 1, 2017 Attachment Order was entered.

### II. PPAS, AS AGENT FOR THE SENIOR SECURED LENDERS, HAS A PERFECTED SENIOR SECURITY INTEREST IN THE FINANZ COLLATERAL

Under New York law, a "security interest" is "an interest in personal property or fixtures which secures payment or performance of an obligation." N.Y. U.C.C. §1-201(a)(37). The property subject to a security interest is, in turn, known as "collateral". N.Y. U.C.C. §9-102(a)(12). "Attachment" is the moment at which a security interest becomes enforceable. N.Y. U.C.C. §9-203. A security interest attaches when a party perfects its security interest in the collateral at issue, at which point the collateral is, with

few exceptions, protected "against creditors and transferees of the debtor." N.Y. U.C.C. §9-308, cmt. 2. As a general rule, a security interest in personal property is perfected by filing a UCC financing statement. N.Y. U.C.C. §9-310.

With respect to continuing liens on after-acquired property, New York courts consider a perfected security interest that encompasses future property such as receivables, inventory, trademarks, etc. to be a single asset which is deemed to attach when the interest is first perfected, *not* when the after-acquired property is received or acquired. *See O'Hara & Shaver, Inc. v. Empire Bituminous Products, Inc.,* 67 Misc. 2d 47, 49, 323 N.Y.S. 2d 190 (N. Y. Cty Ct Onondaga Cty 1971); *see also* "The Floating Lien under Sections 9-108 and 9-204: A Case Analysis", 34 Albany Law. Rev. 277, 290. Consequently, to the extent the security interests of PPAS, as agent for the Senior Secured Lenders, in the Finanz Collateral encompass future Finanz assets, those security interests were part of those assets which attached on the date the Senior Secured Lenders' security interests were perfected, not when the inventory or receivables were (or will be) actually received or trademarks issued.

Under settled New York law the security interests of PPAS, as agent for the Senior Secured Lenders, in all of the Finanz Collateral attached by this Court by virtue of its May 1, 2017 Attachment Order were perfected on April 27, 2007, when PPAS' UCC filing statements on "all collateral" of Finanz were recorded in Florida, Pennsylvania, Delaware and Washington, D.C.

This Court should therefore grant PPAS' Motion to Intervene and Motion to Vacate or Amend the Order in order to protect the Senior Secured Lenders' perfected security interests in the Finanz Collateral attached by this Court.

### III. THE SENIOR PERFECTED RIGHTS OF PPAS, AS AGENT FOR THE SENIOR SECURED LENDERS, TRUMP THE RIGHTS OF A JUDGMENT LIEN CREDITOR LIKE DEI

The term "lien creditor" is defined by N.Y. U.C.C. § 9-102(a)(52)(a) to mean "a creditor that has acquired a lien on the property involved by attachment, levy or the like." It is well established under New York law that the rights of a judgment lien creditor to property of the judgment debtor are subordinate to the rights of a perfected senior secured creditor in the collateral of that secured creditor.

A federal district court in Illinois, applying New York law, characterized the priority of secured parties and judgment lienholders as follows:

> Under New York law, a perfected security interest in collateral grants the secured creditor a superior claim to that collateral as against other creditors. *Liberty Mut. Ins. Co. v. Leroy Holding Co.*, 226 B.R. 746, 754 (N.D.N.Y. 1998) (citing *MNC Commercial Corp. v. Joseph T. Ryerson & Son, Inc.*, 882 F.2d 615, 619 (2d Cir. 1989)). In addition, a security interest perfected prior to entry of the judgment trumps the rights of an unsecured judgment creditor. *Board of Managers of the Horizon Condo. v. Glick Dev. Affiliates*, 276 A.D2d 386, 387, 714 N.Y.S. 2d 68, 69 (App.Div. 2000); *Chrysler Credit Corp. v. Simchuk*, 258 A.D2d 349, 350, 685 N.Y.S.2d 236, 237 (App.Div. 1999) [citations omitted]; *Aspen Indus., Inc. v. Marine Midland Bank*, 52 N.Y.2d 575, 439 N.Y.S.2d 316, 319, 421 N.E.2d 808 (1981).

*Joseph Stephens & Co., Inc. v. Cikanek*, 588 F.Supp.2d 870, 873 (N.D. Ill. 2008).

In *Joseph Stevens,* the court held that Citibank's interest had attached on the date of the execution of a Letter of Credit Agreement and Security Agreement, well prior to the attaching creditor's judgment. This holding is consistent with earlier decisions of New York courts on the same issue. *See O'Hara & Shaver, Inc.,* 67 Misc. 2d at 49 [perfected lien on accounts receivable has priority over judgment lien creditor]; *Matter of Iselin &*

*Co. v. Burgess & Leigh, Ltd.,* 52 Misc. 2d 821, 276 N.Y.S. 2d 659 (Sup. Ct. New York Cty 1967) [perfected lien on personal property has priority over judgment lien creditor].

The perfected security interests in the Finanz Collateral of PPAS, as agent for the Senior Secured Lenders, attached and were perfected more than a decade ago on April 27, 2007, when PPAS' UCC filing statements on "all collateral" of Finanz were recorded in Florida, Pennsylvania, Delaware and Washington, D.C.  PPAS' security interests in Finanz's future inventory, accounts receivable and trademarks attached on the date PPAS perfected the Senior Secured Lenders' secured interests in the Finanz Collateral – that is, on April 27, 2007.  *O'Hara & Shaver, Inc.,* 67 Misc. 2d at 49.

Notwithstanding the senior perfected security interests in the Finanz Collateral of PPAS, as agent for the Senior Secured Lenders, this Court has placed a pre-judgment judicial lien on the Finanz Collateral, including but not limited to its property and assets, its trademarks and other intellectual property, and in any debt due or to become due to Finanz.  *See* May 1, 2017 Attachment Order.  By virtue of the May 1, 2017 Attachment Order, DEI became a lien creditor of Finanz.

Under long-settled New York law, PPAS' *perfected* security interests in the Finanz Collateral are senior to the rights of a lien creditor like DEI which holds a lien on the same collateral because PPAS' security interests were perfected at or before the date of DEI's "attachment, levy or the like" of the Finanz Collateral.  *See* N.Y. U.C.C. 9-§322(a)(1) ["Conflicting perfected security interests … rank according to priority in time of filing or perfection …. [p]riority dates from the earlier of the time a filing covering the collateral is first made or the security interest … is first perfected."].  That is, the previously perfected security interests of PPAS in the Finanz Collateral trump any judgment lien obtained by

DEI on any part thereof. Nonetheless, the May 1, 2017 Attachment Order enjoins PPAS from exercising its senior perfected security interests in the Finanz Collateral. The broad directive of the May 1, 2017 Attachment Order unfairly and unjustly prevents the senior secured lienholders from exercising their rights to control the Finanz Collateral that secured debt which is substantially in excess of the value the collateral attached. See, Affidavit of Kathleen M. Patrick, July 26, 2017, at 3.

In light of the fact that the UCC and case law overwhelmingly establish that the security interests of PPAS, as agent for Senior Secured Lenders, supersede any rights of DEI as Finanz's lien creditor pursuant to the May 1, 2017 Attachment Order, this Court should grant PPAS' Motion.

### IV. THE EXISTING PARTIES DO NOT ADEQUATELY REPRESENT PPAS' INTERESTS

The Court should allow PPAS to intervene in this matter to protect its security interests in the Finanz Collateral because the interests of PPAS, as agent for the Senior Secured Lenders, are not represented by the existing parties actively participating in this action.

Upon information and belief, until recently, Finanz "vigorously litigated" this action. *See Declaration of Rachel Schwartz in Support of Ex Parte Motion for an Order of Attachment*, Apr. 26, 2017 ("*Schwartz Dec.*"), ECF No. 75-2, ¶8. Finanz is no longer actively participating in this action. Finanz has failed to participate in this litigation or give its counsel directions on how to proceed since mid-February 2017. *See Declaration of Amiad M. Kushner, Esq. in Support of Lowenstein Sandler LLP's Motion to Withdraw as Counsel*, filed March 20, 2017, attached as *Schwartz Dec.*, Exhibit G, ECF No. 75-9, at ¶¶ 6-11. Finanz's lack of counsel, coupled with Plaintiff's attachment of the Finanz

Collateral in which PPAS, as administrative agent for the Senior Secured Lenders, has perfected security interests makes it necessary for PPAS to intervene in the matter on behalf of the Senior Secured Lenders.

This Court's continued attachment and future disposition of the Finanz Collateral will, as a practical matter, impair or impede PPAS' ongoing interests in the Finanz Collateral unless PPAS is allowed to intervene herein.

### V.  THE MAY 1, 2017 ATTACHMENT ORDER SHOULD BE VACATED OR AMENDED

The May 1, 2017 Attachment Order contravenes firmly established New York law by broadly enjoining not only Finanz, but a number of non-parties to this action, including, but not limited to, PPAS as administrative agent for the Senior Secured Lenders, from exercising its decade-old perfected and continuing senior security interests in the Finanz Collateral.  Consequently, the May 1, 2017 Attachment Order should be vacated entirely or modified to clarify that PPAS' rights to the Finanz Collateral are not restrained in any way and that it may exercise its rights with respect to the Finanz Collateral pursuant to the express terms of the PPAS Security Agreement and the IP Assignments.  To the extent that the May 1, 2017 Attachment Order is not vacated, the Order should be amended to clarify that Finanz has the right to cooperate with PPAS in exercising its remedies under the law.  The May 1, 2017 Attachment Order should be further amended to permit any other non-parties to the instant matter to exercise any superior interests they may have to the Finanz Collateral, including their right(s) to dispose of those interests.

## CONCLUSION

The rights of PPAS, as agent for the Senior Secured Lenders, are superior to any rights of DEI as a judgment lien creditor attaching the Finanz Collateral. Accordingly, this Court should grant PPAS' motion, vacate or modify the May 1, 2017 Attachment Order, permit PPAS to intervene in this action, and award such further and additional relief as the Court deems warranted under the facts.

Dated: July 31, 2017

        Respectfully submitted,

        PATRIARCH PARTNERS AGENCY
          SERVICES, LLC,

        By its attorneys,

        _____/S/_____
        JEANNINE CHANES (JC0918)
        ROLAND R. ACEVEDO, Of Counsel (RA8915)
        Law Offices of Jeannine Chanes, P.C.
        27 Whitehall Street, 4th Floor
        New York, New York 10004
        jwchanes@gmail.com
        racevedo1@aol.com
        Telephone: 212-785-6543
        Fax: 212-785-6542 (not for service)