UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DISNEY ENTERPRISES, INC.,

                                                        Plaintiff,

Index No. 13-CV-6338
(NG)(SMG)

-against-

FINANZ ST. HONORÉ B.V.,

                                                     Defendant.
----------------------------------------------------------------x

## [PROPOSED] COMPLAINT TO DETERMINE VALIDITY, PRIORITY AND EXTENT OF LIENS AND SECURITY INTERESTS

1.    This is a complaint for declaratory relief wherein Patriarch Partners Agency Services, LLC (hereinafter "PPAS"), as Administrative Agent for certain secured lenders under a credit agreement with Finanz St. Honoré B.V., is asserting certain security interests on property that is the subject of the instant action and which Plaintiff Disney Enterprises, Inc. (hereinafter "Plaintiff" or "DEI") has sought to attach and which is the subject of a broad pre-judgment order of attachment entered by this Court on May 1, 2017.

**THE PARTIES**

2.    PPAS is a Delaware limited liability company with its principal place of business in New York, New York.

3.    On information and belief, PPAS adopts the description of Plaintiff DEI as alleged in the Complaint, ECF No. 1.

4. On information and belief, Defendant Finanz St. Honoré B.V. is a corporation organized and existing under the laws of The Netherlands, with its corporate seat registered as Amsterdam, The Netherlands (hereinafter "Finanz").

5. PPAS does not at this time contest Plaintiff's allegations relating to subject matter jurisdiction as alleged in Paragraph 3 of Plaintiff's Complaint, ECF No. 1. This pleading is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

6. PPAS does not at this time contest Plaintiff's allegations relating to venue, *i.e.*, that a substantial part of the alleged harm to Plaintiff occurred in this District, as alleged in Paragraph 4 of Plaintiff's Complaint, ECF No. 1.

**STATEMENT OF FACTS**

7. PPAS became the Administrative Agent for certain secured lenders (the "Lenders") to Finanz by virtue of the April 25, 2007 Second Amendment to the June 2, 2006 Amended and Restated Credit Agreement pursuant to which CapitalSource Finance LLC, assignee of Wachovia Bank, National Association, in its capacity as retiring agent (Wachovia being the "Original Agent" and CapitalSource being the "Retiring Agent") assigned Retiring Agent's continuing security interests in and to all of Finanz's present and future collateral (the "Finanz Collateral") to PPAS, as Administrative Agent for the Lenders, as security for a revolving loan from the Lenders to Finanz (the "Security Agreement").[1]  A true and correct copy of the Security Agreement is attached hereto as Exhibit A.

---

[1] For reasons not relevant hereto, Agent and Original Agent (n/k/a Wells Fargo Foothill, Inc.) subsequently entered into a further Amendment and Assignment of Intellectual Property Security Agreement dated as of January 15, 2009, (a) confirming the transfer of Original Agent's interests to Agent, and (b) evidencing the United States Patent and Trademark Office and United States Copyright Office recording of the assignment by Original Agent of all of its rights, remedies, duties and obligations to Agent.

8. In the Security Agreement, Finanz confirmed that it had granted security interests in the Finanz Collateral to PPAS, as Administrative Agent for the Lenders, whether such tangible or intangible property was presently owned or subsequently acquired, and including but not limited to Finanz's intellectual property and all of its accounts, deposit accounts and the funds therein.

9. Finanz's primary assets at the time it entered into the Security Agreement were its trademarks and copyrights.

10. In addition to the broad assignment of all of present and future tangible and intangible Finanz property to PPAS, as Administrative Agent for the Lenders, each trademark and copyright owned by Finanz as of April 25, 2007 was the subject of an individual collateral assignment and security agreement among Retiring Agent, Finanz and PPAS.

11. The transfer of Retiring Agent's security interests in the Finanz Collateral was perfected when PPAS filed UCC financing statements recording that assignment in Florida, Pennsylvania, Delaware and Washington, D.C. on or about April 27, 2007. True and correct copies of the UCC financing statements perfecting the secured interests of PPAS, as Administrative Agent to the Lenders, in the Finanz Collateral, including its intellectual property, are attached hereto as Exhibit B.

12. In addition to filing UCC financing statements recording the secured interests of PPAS, as Administrative Agent to the Lenders, in the Finanz Collateral, PPAS duly filed intellectual property assignments with the United States Patent and Trademark Office and United States Copyright Office on or about August 2007.

13. On May 1, 2017, PPAS appeared at the hearing in this action to advise this Court of the first perfected secured interests held by PPAS, as Administrative Agent to the Lenders, in the Finanz Collateral, which collateral Plaintiff sought to attach.

14. Over the objections of PPAS, this Court entered an attachment order granting Plaintiff a pre-judgment judicial lien on the Finanz Collateral (the "May 1, 2017 Attachment Order"), with a broad directive enjoining:

> Defendant, its agents, employees, attorneys, affiliated entities, including without limitation Dana Classic Fragrances, Inc., IMG Holdings, Inc., and Patriarch Partners LLC and all persons in possession of property in which Finanz has an interest, and all persons in active concert or participation with any of the foregoing, and all persons who receive actual notice of this Order by personal service or otherwise … from directly or indirectly transferring, requesting, or directing the transfer of any such property on deposit with them or held under their control, including the Trademarks and any royalties generated therefrom.

15. PPAS, as Administrative Agent for the Lenders, had perfected security interests in the Finanz Collateral prior to the commencement of this action.

16. Because PPAS, as Administrative Agent for the Lenders, had perfected security interests in the property that Plaintiff has attached pursuant to the May 1, 2017 Attachment Order, there is an actual controversy over the priority of interests in the Finanz Collateral between PPAS and Plaintiff.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT**

17. PPAS incorporates by reference the allegations in each of the preceding Paragraphs as if fully set forth herein.

18. An actual and justiciable controversy has arisen and now exists between PPAS and Plaintiff as to whether PPAS's security interests in the Finanz Collateral are superior to any judicial lien that Plaintiff may obtain in this action, including but not limited to Plaintiff's pre-judgment lien imposed by the May 1, 2017 Attachment Order.

19. A judicial declaration is necessary and appropriate at this time in order that PPAS and Finanz may ascertain their rights and duties with respect to the Finanz Collateral.

20. PPAS is entitled to a declaratory judgment against Plaintiff that Plaintiff's interest in the Finanz Collateral is subordinate to the interests of PPAS, as Administrative Agent for the Lenders.

**PRAYER FOR RELIEF**

WHEREFORE, PPAS respectfully prays for relief and requests that the Court enter an order:

(a) Declaring that this Court's prejudgment May 1, 2017 Attachment Order is vacated to the extent it impinges on the rights of PPAS, as Administrative Agent for the Lenders, to exercise all remedies available to it under the Credit Agreement, the Security Agreement and applicable law;

(b) Declaring that PPAS, in its capacity as Administrative Agent for the Lenders, holds validly perfected, first-priority liens and security interests in the Finanz Collateral in accordance with Article 9 of the New York Uniform Commercial Code and other applicable state law;

(c) Declaring that those validly perfected, first-priority liens and security interests in the Finanz Collateral held by PPAS, in its capacity as Administrative Agent for the Lenders, are senior to Plaintiff's interests in the Finanz Collateral;

(d) Declaring that Finanz has the right to cooperate with PPAS, in its capacity as Administrative Agent for the Lenders, in its exercise of all remedies available to it under the Credit Agreement, Security Agreement and applicable law; and

(e) And granting such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Dated: _____ __, 2017

Respectfully submitted,

PATRIARCH PARTNERS AGENCY SERVICES, LLC,

By its attorneys,

_____
Jeannine Chanes (JC0918)
Roland R. Acevedo
   Of Counsel (RA8915)
LAW OFFICES OF
   JEANNINE CHANES, P.C.
27 Whitehall Street, 4th Floor
New York, New York 10004
T: 212.785.6543
F: 212.785.6542 (not for service)
Email: jwchanes@gmail.com