UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DISNEY ENTERPRISES, INC.,

          Plaintiff,

- v. -

FINANZ ST. HONORE, B.V.,

          Defendant.

-------------------------------------------------------x

OPINION & ORDER

13-cv-6338 (NG) (SMG)

**GERSHON, United States District Judge:**

Patriarch Partners Agency Services, LLC ("PPAS") has moved to intervene in this litigation pursuant to Federal Rule of Civil Procedure 24(a)(2) in order to move to vacate or amend the May 1, 2017 Attachment Order. Disney Enterprises, Inc. ("Disney") has opposed this motion and, separately, seeks an extension of the Attachment Order; Disney also asks that I deem the restraining notice sent to Finanz St. Honore B.V. ("Finanz") to have been served. For the reasons set forth herein, PPAS's motion is denied and Disney's applications are granted.

**I.   Background**

Because I assume the parties' familiarity with the facts underlying this litigation, I provide only a brief overview of the litigation and a description of the facts pertinent to the current dispute. On December 5, 2016, I granted summary judgment as to liability against Finanz. The amount of damages owed to plaintiff Disney was not resolved at that time. Upon my granting summary judgment to Disney, Finanz, after having vigorously defended the lawsuit, disappeared from the litigation. Finanz's counsel, Lowenstein Sandler LLP ("Lowenstein"), was granted leave to withdraw on May 26, 2017. Since Lowenstein's withdrawal, Finanz still has not appeared or retained new counsel. On April 26, 2017, fearing that Finanz would not pay any judgment

1

ultimately issued against it, Disney moved for a pre-judgment attachment of Finanz's assets, including Finanz's intellectual property. On May 1, 2017, I held a conference regarding Disney's application. The conference was attended by counsel for Disney, Lowenstein (which had yet to be relieved as counsel), and Jeannine Chanes, Esq., who stated that she represented non-party PPAS. As discussed at the conference, neither Lowenstein, Disney's counsel, nor I knew that PPAS would be appearing.[1] At the conference, I granted Disney's motion for an attachment and denied PPAS's oral application to intervene.

Pursuant to my order (the "Attachment Order"), Disney was permitted to attach Finanz's assets in the amount of $700,000, and all persons and entities who received notice of the Attachment Order, including PPAS, were enjoined and restrained from transferring any property in which Finanz had an interest, including its intellectual property ("Attached Assets"). On July 21, 2017, Disney was granted summary judgment as to damages in the amount of $867,587.18.

On July 31, 2017, PPAS filed its motion to intervene in this action. After multiple extension requests by the parties, Disney opposed this motion on October 13, 2017, and PPAS filed its reply on November 17, 2017.

I held oral argument on December 11, 2017. At that time, Disney stated that it did not intend to seek an extension of the Attachment Order, which was set to expire on January 3, 2018.

---

[1] At the conference, I asked Ms. Chanes how PPAS received notice of the conference since neither Disney nor Lowenstein gave it notice. Ms. Chanes stated that she did not know how PPAS learned of the conference. *See* Transcript of May 1, 2017 Conference at 4-5. At the conference held on December 11, 2017, PPAS's new counsel similarly stated that she did not know how PPAS had initially learned of this conference. However, in its most recent letter of December 20, 2017, PPAS acknowledges that Finanz contacted PPAS about the Attachment Order. PPAS may be correct that the mere fact that a guarantor notified a secured party that an issue had arisen with respect to secured collateral does not indicate something improper is afoot. However, it is unclear why it took it more than six months to acknowledge the notification, or, more importantly, how a purportedly defunct company "notified" PPAS.

2

On December 13, 2017, PPAS, based upon Disney's representation that it was not going to seek an extension of the Attachment Order, withdrew its motion to intervene. However, on December 18, 2017, Disney wrote a letter to the court asking that the Attachment Order be extended until "either the Judgment is satisfied or a receiver is appointed to take control of Finanz's assets." Disney December 18 Letter ("Disney Letter") at 1. In this letter, Disney also asks that the court deem "the restraining notice DEI served on [Finanz] via certified mail on October 26, 2017 sufficiently served and effective as of that date." *Id.* PPAS responded to Disney's letter on December 20th and argues that an extension of the Attachment Order is unwarranted. Since I will consider Disney's request for an extension of the Attachment Order, I will treat PPAS as not having withdrawn its intervention motion.

## II. Discussion

### A. PPAS's Proposed Intervention

Pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a)(2), in order to intervene, a party must, *inter alia*, assert an interest relating to the property or transaction that is the subject of the action and be so situated that, without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest. *See XL Specialty Ins. Co. v. Lakian*, 632 Fed. Appx. 667, 669 (2d Cir. 2015).

As an initial matter, PPAS does not have an interest in the subject of this action—whether Disney is entitled to attorneys' fees from Finanz. Rather, PPAS's concern arises from Disney having obtained an Attachment Order to secure its judgment against Finanz. PPAS argues that it

3

is this Attachment Order that gives it a basis to intervene because it attaches assets that serve as collateral for loans made to Finanz by the Lenders for whom PPAS represents it is an agent.[2]

Regarding PPAS's interest in the Attached Assets, it is not "illegal nor improper to grant an order of attachment to one creditor simply because another creditor claims a priority. The order of attachment serves merely to preserve plaintiff's rights. Once a plaintiff has its order of attachment, then it or any other creditor may commence a special proceeding to determine whose right is superior." *Manufacturers & Traders Trust Co. v. Lowenstein*, 91 A.D.2d 848 (4th Dept. 1982). To be sure, the priority of creditors must be determined at some point. As Disney indicated at oral argument and reinforced in its letter, it intends to make a motion for a turnover and to appoint a receiver. *See* Disney Letter at 1, n.1. I conclude, and PPAS appears to agree, that the appropriate time for PPAS to litigate whether its interest is superior to that of Disney's is at such a proceeding. *See* PPAS December 20, 2017 Letter at 2.

Moreover, PPAS has not shown how the Attachment Order is currently impairing or impeding its ability to protect its interest in the Attached Assets. The Attached Assets serve as collateral for loans made by the Lenders PPAS says it represents. Based upon statements made at oral argument and PPAS's letter, PPAS has not sought to foreclose on these Attached Assets and the Attached Assets remain in Finanz's possession.[3] Since the Attachment Order only preserves the status quo that has existed for many years prior to its issuance, the prejudice in extending it is

---

[2] PPAS alleges "the amount of debt owed to [PPAS] was in excess of the value of the Finanz Collateral as of that date." Patrick Aff. at ¶ 9. No basis for this statement is provided.

[3] In its letter, PPAS states that "[t]here are many legitimate reasons why a lender and/or agent would forbear on its rights to declare a default." That may very well be true, but it does not explain why PPAS needs to intervene. Rather, if PPAS's "investment strateg[y]" is to not declare a default on its loans to Finanz, then the Attachment Order does not alter the status quo in any way. If Finanz is not in default on its loans to the Lenders, there is no basis for PPAS to pursue the collateral.

4

minimal (if any prejudice exists at all). *See SEC v. Callahan*, 2 F. Supp. 3d 427, 438 (E.D.N.Y. Mar. 5, 2014) (denying motion to intervene because proposed intervenor would "suffer minimal prejudice, if any, if its motion to intervene is denied. By virtue of the Asset Freeze . . . the status quo has been preserved . . . thereby protecting [proposed intervenor's] collateral.").

Therefore, I deny PPAS's motion to intervene.[4]

### B. Restraining Notice

On October 19, 2017, after unsuccessful efforts by Disney to serve Finanz with a restraining notice at its address of record, Finanz sent Disney a garnishee statement from a different address, 400 Lyster Avenue, Saddle Brook, N.J. 07663. One week later, Disney attempted to serve Finanz with a restraining notice at this latter address, but the mailing was returned to sender. Disney seeks that I deem this restraining notice properly served despite it being returned.

In light of Finanz's disappearance from this litigation, its failure to communicate with its prior counsel, and the likelihood that it actually did receive the restraining notice, I deem the notice served on Finanz. *See Gryphon Dom. VI, LLC v. APP Int'l Finance Co., B.V.*, 41 A.D.3d 25, 32 (1st Dept. 2007).

### C. Motion to Extend the Attachment Order

Disney has articulated a sufficient basis to extend the Attachment Order. As it states, the restraining notices pursuant to the judgment may not be sufficient especially since some of the entities served with the restraining notices are not even acknowledging receipt of the notices.

---

[4] There is also an issue as to PPAS's standing to represent the alleged secured creditors. PPAS's disingenuous claim that there can be no doubt that it represents the alleged secured creditors of Finanz's intellectual property is belied by the very documents upon which it relies. It is clear that there is currently a dispute as to who is the proper agent of the Lenders.

Accordingly, the Attachment Order is extended until either judgment is satisfied or Disney's motion for a turnover and appointment of a receiver is adjudicated.

**III.     Conclusion**

PPAS's motion to intervene is denied. Disney's application to deem the restraining notice served on Finanz is granted. Disney is directed to mail a copy of this order to the address from which Finanz mailed its garnishee statement. As to the Attachment Order, it is extended until either judgment is satisfied or Disney's motion for a turnover and appointment of a receiver is adjudicated. The Clerk of Court is directed to close docket entries 102, 103, and 123.

SO ORDERED.

/s Nina Gershon

**NINA GERSHON**
**United States District Judge**

Dated: December 21, 2017
Brooklyn, New York