UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DISNEY ENTERPRISES, INC.,

          *Plaintiff*,

– against –

FINANZ ST. HONORÉ B.V.,

          *Defendant*.

Case No. 13 Civ. 6338 (NG) (SMG)

**PLAINTIFF DISNEY ENTERPRISES, INC.'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION FOR A TURNOVER ORDER
<u>AGAINST DANA CLASSIC FRAGRANCES, INC.</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ...........................................................................................................................2

I.    DEI'S MOTION FOR A TURNOVER ORDER AGAINST
DANA SHOULD BE GRANTED IN ITS ENTIRETY .......................................................2

       A.    Governing Standard .................................................................................2

       B.    This Court has Personal Jurisdiction Over Dana .......................................3

       C.    Turnover Is Warranted Pursuant to CPLR § 5225(b) ................................5

       D.    Alternatively, Turnover Is Appropriate Pursuant to
CPLR § 5227 ...........................................................................................7

II.    An Additional $200,000 Should Be Escrowed To Cover DEI'S
Remaining Attorneys' Fees and Costs ................................................................8

CONCLUSION .........................................................................................................................9

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                               **PAGE(s)**

*Am. Honda Fin. Corp. v. Route 57 Dev., LLC*,
   No. 13 Civ. 0260 (GTS/ATB), 2016 WL 843377 (N.D.N.Y. Mar. 1, 2016) ......................3, 5 ,8

*Beauvais v. Allegiance Sec., Inc.*,
   942 F.2d 838 (2d Cir. 1991) ......................................................................................................5, 6

*Brown v. Lockheed Martin Corp.*,
   814 F.3d 619 (2d Cir. 2016) .........................................................................................................4

*Bryant v. Finnish Nat. Airline*,
   15 N.Y.2d 426 (1965)...................................................................................................................4

*Citibank (South Dakota), N.A. v. Island Fed. Credit Union*,
   190 Misc.2d 694 (2d Dep't 2001)................................................................................................3

*City of New York v. Venkataram*,
   No. 06 Civ. 6578 (NRB), 2011 WL 2899092 (S.D.N.Y. 2011) ...............................................2

*Colonial Sur. Co. v. Lakeview Advisors*,
   No. 2010002176, 2010 WL 11470693 (N.Y. Sup. Ct. 2010)....................................................8

*CSX Transp., Inc. v. Emjay Environmental Recycling, LTD.*,
   No. 12 Civ. 1865 (AKT), 2016 WL 755630 (E.D.N.Y. Feb. 25, 2016) ...............................5, 6

*CSX Transp., Inc. v. Island Rail Terminal, Inc.*,
   879 F.3d 462 (2d Cir. 2018) .....................................................................................................3, 7

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ....................................................................................................................4

*Doe v. National Conference of Bar Examiners*,
   No. 16 Civ. 264 (PKC), 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) ..........................................4

*Dussault v. Republic of Argentina*,
   616 F. App'x 26 (2d Cir. 2015) ...................................................................................................6

*General Elec. Capital Corp. v. Eastern Bus. Sys.*,
   No. 15 Civ. 6924 (SJF) (AYS), 2016 WL 3582061 (E.D.N.Y. June 28, 2016) .......................3

*JW Oilfield Equip., LLC v. Commerzbank, AG*,
   764 F. Supp. 2d 587 (S.D.N.Y. 2011).........................................................................................3

**CASES** **PAGE(s)**

*Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Das Gus Bumi Negara*,
313 F.3d 70 (2d Cir. 2002) ....7

*Koehler v. Bank of Bermuda Ltd.*,
12 N.Y.3d 533 (2009) ....3

*LaBarbera v. Audax Const. Corp.*,
971 F. Supp. 2d 273 (E.D.N.Y. 2013) ....3

*Miraglia v. Essex Ins. Co.*,
96 A.D.3d 945 (2d Dep't 2012) ....5

*Port Chester Elec. Const. Co. v. Atlas*,
40 N.Y.2d 652 (1976) ....7, 8

*Sanford v. Bennett*,
11 A.D.3d 758 (3d Dep't 2004) ....7

**STATUTES**

28 U.S.C. § 1961 ....8

N.Y. Civ. Prac. L. & R. § 301 ....4

N.Y. Civ. Prac. L. & R. § 5201 ....7

N.Y. Civ. Prac. L. & R. § 5225(b) ....*passim*

N.Y. Civ. Prac. L. & R. § 5227 .... 1, 2, 3, 7, 8

N.Y. Civ. Prac. L. & R. § 5239 ....6

**RULES AND REGULATIONS**

Fed. R. Civ. P. 69(a) ....1, 2

**SECONDARY SOURCES**

N.Y. Civ. Prac. L. & R. § 5225 (Practice Commentary) ....2, 5

Disney Enterprises, Inc. ("DEI") submits this Memorandum of Law in support of its motion for (a) an order, pursuant to FRCP Rule 69(a) and CPLR § 5225(b) and/or § 5227, requiring Dana Classic Fragrances, Inc. ("Dana") to turnover to DEI $1.2 million Dana owes to Finanz; and (b) an order requiring Dana to escrow $200,000 pending the filing and determination of DEI's final attorneys' fee application.

## PRELIMINARY STATEMENT

For nearly a year, defendant/judgment debtor Finanz St. Honoré B.V. ("Finanz") has failed to pay the nearly a million dollars it indisputably owes to DEI pursuant to the judgment this Court entered on October 5, 2017 (the "Judgment"). (D.E. 110.) Instead, after litigating extensively for years, Finanz defaulted in this action and has failed to cooperate with DEI's efforts to collect the Judgment, thereby causing DEI to incur an additional $329,964.94 in legal fees and costs in obtaining the Judgment and seeking to enforce it.[1] At the same time, Finanz continues to license its valuable trademarks to Dana—its affiliate and likely alter ego—in exchange for which Finanz is entitled to receive substantial royalties.[2] (Thomashower Decl. ¶ 8.)

As the Court stated at the April 19, 2018 oral argument:

> there are royalties, royalties are money…. That would also be something where you wouldn't have to monetize the monies if they were turned over, I could order them to be turned over up to the amount of your judgment.

Transcript of April 19, 2018 Oral Argument ("Tr.") at 29:13–24.

Dana concedes that it already owes Finanz ▮▮▮▮▮▮▮▮▮ in unpaid royalties. (Thomashower Decl. Exs. E & F.) DEI is now entitled to an immediate order requiring Dana to

---

[1] On August 8, 2018, DEI submitted a supplemental fee application, seeking a supplemental judgment in the amount of $329,964.94 for the attorneys' fees and costs DEI has incurred in this action for services since July 6, 2017.

[2] Dana was found liable in the action between Finanz, Dana and IceBox for fraudulently inducing IceBox to enter into a license agreement with Finanz even though Dana was not a party to that agreement.

turnover $1.2 million of those unpaid royalties to DEI to satisfy the Judgment and expected supplemental fees and costs.

## ARGUMENT[3]

### I. DEI'S MOTION FOR A TURNOVER ORDER AGAINST DANA SHOULD BE GRANTED IN ITS ENTIRETY

#### A. Governing Standard

This Court indisputably retains jurisdiction to enforce the Judgment it entered in this action.[4] *See, e.g., City of New York v. Venkataram,* No. 06 Civ. 6578 (NRB), 2011 WL 2899092, at *6 n.9 (S.D.N.Y. 2011). To that end, Federal Rule of Civil Procedure 69(a) and CPLR §§ 5225(b) and 5227 authorize the Court to order Dana to turnover to DEI $1.2 Million ▮▮▮▮▮▮▮▮▮▮ that it owes to Finanz.

Where, as here, the third party garnishee "concedes the debt," CPLR § 5225(b) is considered the most appropriate mechanism for a turnover against a third party.[5] CPLR § 5227 is generally applied when the debt is disputed.[6] N.Y. C.P.L.R. § 5225 (Practice Commentary).

---

[3] DEI respectfully refers the Court to the accompanying Declaration of William J. Thomashower dated August 30, 2018 ("Thomashower Decl.") for a full recitation of the relevant facts and background.

[4] A copy of the October 5, 2017 Judgment is annexed as Exhibit A to the Thomashower Decl.

[5] CPLR § 5225(b) provides, in relevant part, that:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment to the judgment creditor . . . .

[6] CPLR § 5227 provides, in relevant part, that:

> Upon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to

Practically, however, courts have consistently held that CPLR §§ 5225(b) and 5227 are "essentially indistinguishable." *LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 278 (E.D.N.Y. 2013); *Citibank (South Dakota), N.A. v. Island Fed. Credit Union*, 190 Misc. 2d 694, 695 (2d Dep't 2001). The two provisions are therefore commonly raised in the same motion or special proceeding to ensure that the Court may award the requested relief.[7] *See, e.g., Am. Honda Fin. Corp. v. Route 57 Dev., LLC*, No. 13 Civ. 0260 (GTS/ATB), 2016 WL 843377, at *13–14 (N.D.N.Y. Mar. 1, 2016) (finding that petitioner was entitled to a turnover pursuant to "CPLR §§ 5225 **and** 5227") (emphasis added).

And, provided it has personal jurisdiction over the third party against whom a turnover order is sought, the Court can compel the third party to turn over the assets in which the judgment debtor has an interest regardless of where the money or property is located.[8] *See, e.g., Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 540 (2009); *JW Oilfield Equip., LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587, 592 (S.D.N.Y. 2011).

### B.  This Court has Personal Jurisdiction Over Dana

Third party garnishee Dana, a Delaware corporation, is subject to personal jurisdiction in this Court. First, Dana manufactures fragrances that are routinely sold in New York via its website and a variety of retail outlets. (Thomashower Decl. ¶ 6.) And, by its own admission,

---

pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment, and to execute and deliver any document necessary to effect payment . . . .

[7] It is well settled that a turnover application may be brought by motion instead of by special proceeding, provided the Court has personal jurisdiction over the entities against which the turnover order is sought. *See, e.g., CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468–69 (2d Cir. 2018); *General Elec. Capital Corp. v. Eastern Bus. Sys.*, No. 15 Civ. 6924 (SJF) (AYS), 2016 WL 3582061, at *2 (E.D.N.Y. June 28, 2016).

[8] Through discovery obtained from Finanz's former counsel, DEI has identified a Wells Fargo bank account, account number ███████ in Dana's name in New Jersey. (Thomashower Decl. ¶ 14, Ex. L.)

3

Dana "has no leased offices or warehouses . . . [and] operates out of One Liberty Plaza, NY, NY." (Thomashower Decl. Ex. C at 4.) Dana is therefore "doing business" in New York and subject to the Court's general jurisdiction. *See, e.g., Bryant v. Finnish Nat. Airline*, 15 N.Y.2d 426, 441–42 (1965) (applying a "simple pragmatic" test to questions of general jurisdiction); CPLR § 301.

The exercise of general jurisdiction over Dana also comports with due process. Dana's sole operating office is in New York, and thus Dana is functionally "at home" here. *Doe v. National Conference of Bar Examiners*, No. 16 Civ. 264 (PKC), 2017 WL 74715, at *5 (E.D.N.Y. Jan. 6, 2017) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). Moreover, Lynn Tilton, Dana's sole director, is based out of One Liberty Plaza, New York, New York, as is Dominique Vargas, Dana's Vice President of Finance. (Thomashower Decl. Ex. M.) In the context of Dana's overall activity, New York functionally serves as Dana's principal place of business, placing it well within the ambit of *Daimler* and general due process standards. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (in assessing a corporation's contacts for general jurisdiction, the company's local activity must be analyzed "*in the context of the company's overall activity* . . . nationwide and worldwide") (emphasis in original) (citation omitted); *see also Doe,* 2017 WL 74715, at *5.

Finally, Dana has been actively litigating in this Court for over eight years in the underlying IceBox litigation, 07 Civ. 0544 (NG) (E.D.N.Y.). Accordingly, this Court has jurisdiction to compel Dana to turn over money or property to DEI to enforce the Judgment that this Court issued.

C. **Turnover Is Warranted Pursuant to CPLR § 5225(b)**

DEI satisfies both prongs of the Second Circuit's test for determining whether a turnover order against third party Dana for $1.2 million is warranted pursuant to CPLR § 5225(b).[9] *See, e.g., Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840–41 (2d Cir. 1991); *Miraglia v. Essex Ins. Co.*, 96 A.D.3d 945, 945 (2d Dep't 2012).

First, Finanz indisputably has an interest in the $1.2 million DEI seeks to reach on this motion. According to Dana's October 19, 2017 garnishee statement, Dana owes Finanz ███████ in accrued royalties. (Thomashower Decl. Ex. E.) *See also* CPLR § 5225 (Practice Commentary). Finanz has an interest in those unpaid royalties pursuant to license agreements between it and Dana that permit Dana to exploit Finanz's intellectual property. (Thomashower Decl. ¶ 6, Exs. F & H.) *See Am. Honda Fin. Corp.*, 2016 WL 843377, at *13 (finding judgment debtor had ownership interest in stock certificates). *Beauvais*, 942 F.2d at 841 ("A debtor obviously has an interest in its own money or property held by a third party . . . ."); *CSX Transp., Inc. v. Emjay Environmental Recycling, LTD.*, No. 12 Civ. 1865 (JS) (AKT), 2016 WL 755630, at *4 (E.D.N.Y. Feb. 25, 2016) (judgment debtor had undisputed interest in its money held by garnishees).

With respect to the second prong of the Second Circuit's test, DEI establishes both elements. First, Finanz is "entitled to possession" of the royalties. *CSX Transp.*, 2016 WL 755630, at *4. Neither Finanz nor Dana have produced any evidence of a prior restraining notice, injunction, lien, or any other external legal mechanism that circumscribes Finanz's right

---

[9] To determine whether money belonging to the judgment debtor, but in the possession of a third party, may be turned over to the judgment creditor the Second Circuit looks to whether: (1) the judgment debtor "has an interest" in the property the creditor seeks to reach; and (2) either (a) the judgment debtor is "entitled to the possession of such property" or (b) "the judgment creditor's rights to the property are superior" to those of the party in whose possession it is. *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840–41 (2d Cir. 1991).

5

to collect the royalties Dana owes it. *Id.*; *cf. Beauvais*, 942 F.2d at 841 (clearing agreement lien permitting garnishee to apply funds to defendant's unpaid balance precluded plaintiff from obtaining turn over); *Dussault v. Republic of Argentina*, 616 F. App'x 26, 28 (2d Cir. 2015) (finding that judgment debtor was not entitled to possession because the funds were subject to an injunction). Indeed, the minimal post-judgment discovery DEI has received confirms that Dana uses its funds to pay Finanz's other debts, such as legal fees and expenses to two law firms. (Thomashower Decl. ¶ 14, Ex. L.) Accordingly, since Finanz is entitled to possession of the royalties, DEI is entitled to a turnover of funds sufficient to satisfy the Judgment and supplemental fee application on this basis alone.

Alternatively, DEI's rights to $1.2 million of the ▮▮▮▮▮ in unpaid royalties are superior to any rights Dana may claim to have to that money.[10] Notwithstanding DEI's repeated requests, Dana has failed to provide any support for ▮▮▮▮▮.[11] (Thomashower Decl. Ex. E.) Nor is there any evidence that Dana has a perfected, senior security interest in whatever purported debt Finanz owes it.[12] Accordingly, DEI's

---

[10] Despite the contrary claims Patriarch Partners Agency Services, LLC ("PPAS") made in its rejected motion to intervene, neither Dana's nor Finanz's garnishee statements refer to any encumbrance by PPAS or <u>any</u> other party on the royalties Dana owes Finanz. In order to obtain a turnover under CPLR § 5225(b), DEI must establish only that its rights to the unpaid royalties are superior to Dana's rights; it is not necessary for DEI to affirmatively establish that it has first priority over all potential creditors. *Beauvais*, 942 F.2d at 840–41. To the extent any purported creditor seeks to challenge DEI's priority, it may do so in an appropriate proceeding. *See* CPLR § 5239.

[11] To the extent that Dana argues ▮▮▮▮▮, it must be compelled to produce detailed, admissible evidence of ▮▮▮▮▮. Based on the former sworn testimony of Terrence Moorehead, former CEO to Dana who appeared in 2014 as Finanz's Rule 30(b)(6) representative, Finanz is a "non-operating entity that holds trademarks and IP registration. It's a holding company for all of these intellectual property assets." (Thomashower Decl. Ex. D (Moorehead Dep. at 14-16).) Given that Finanz has no CEO or employees of its own (*id.*), nor any documents, books, or records, it is difficult to imagine ▮▮▮▮▮. (Thomashower Decl. Exs. B–C.)

[12] Any security agreement or UCC filing against Dana's assets dated after the Attachment Order and/or restraining notices were served would violate the restraints in the Order and the notices, and would not

6

Judgment is superior. *See, e.g., Sanford v. Bennett*, 11 A.D.3d 758, 759–60 (3d Dep't 2004) (petitioner was entitled to § 5225(b) turnover because judgment debtor transferred money to garnishee for no consideration and because petitioner's claim was superior to garnishee's). For all of these reasons, the Court should order Dana to turn over the full amount of the Judgment, $865,587.18, plus the full amount of the supplemental fee application, $329,964.94, for a total of $1.2 million to DEI.

### D. Alternatively, Turnover Is Appropriate Pursuant to CPLR § 5227

CPLR § 5227 permits DEI as the judgment creditor to stand in Finanz's shoes and enforce any debts that are or will be due to it. It is immaterial whether the debt is past due or yet to come due; the Court may order the third party to pay to the judgment creditor the debt upon maturity, or "so much of it as is sufficient to satisfy the judgment." CPLR § 5227; CPLR § 5201; *see also Port Chester Elec. Const. Co. v. Atlas*, 40 N.Y.2d 652, 657 (1976).

CPLR § 5227 is particularly useful where, as here, related entities have engaged in "financial manipulations" which have apparently rendered the judgment-debtor "virtually judgment proof." *Port Chester*, 40 N.Y.2d at 655. The sparse discovery DEI has obtained in this action reveals that Finanz purportedly has no assets, outside of intellectual property, nor any which could be used by DEI to satisfy the Judgment. (Thomashower Decl. Ex. C.) Accordingly, DEI is entitled to step into Finanz's shoes to collect the royalties which are currently due to it as well any royalties which will be come due in the future as a result of Dana's continued exploitation of Finanz's intellectual property under license until such time as the Judgment (and any supplemental judgment) has been satisfied. *Karaha Bodas Co., LLC v. Perusahaan*

---

establish priority by another creditor to Dana's assets in which Finanz has an interest. *See CSX Transp.*, 879 F.3d at 471–72 (garnishee served with a restraining notice was not entitled to simply ignore the injunctive effect of the notice).

7

*Pertambangan Minyak Das Gus Bumi Negara*, 313 F.3d 70, 83 (2d Cir. 2002); *Am. Honda*, 2016 WL 843377, at *13–14 (granting CPLR § 5227 motion permitting judgment creditor to collect upon "loans due and owing" from five entities in part because "Respondents admit the obligations due and owing from the corporate Respondents"); *Port Chester*, 40 N.Y.2d at 657 (permitting judgment creditor to enforce promise from garnishee to reimburse judgment debtor "for the 'amount of all sub-contracts'").

## II. An Additional $200,000 Should Be Escrowed To Cover DEI'S Remaining Attorneys' Fees and Costs

DEI's August 8, 2018 supplemental fee application is not the end of DEI's indemnified expenses in this action. DEI is entitled to recover the fees and costs it incurred on this motion, the supplemental fee application, any additional fees and costs it incurs until sufficient assets are secured and the Judgment is paid in full, and post-judgment interest under 28 U.S.C. § 1961. DEI will then be in a position to submit a final application. DEI therefore requests that the Court order that Dana place an additional $200,000 in escrow in an account opened by DEI and Dana, that will be held until such time as DEI completes and the Court rules upon a final fee application. This is an appropriate procedure. *See Colonial Sur. Co. v. Lakeview Advisors*, No. 2010002176, 2010 WL 11470693, at *1 (N.Y. Sup. Ct. 2010). ("pending the hearing and determination of the proceedings herein, payments due by Resolution to Lakeview will be paid into an escrow account in a financial institution which shall be opened by counsel for [plaintiff] Colonial and [third party] Resolution will continue to make its payments due to Lakeview into said escrow account and the funds paid will remain in the escrow account pending resolution of the issues herein by the Court").

8

## **CONCLUSION**

For all the foregoing reasons, DEI requests that the Court order Dana to turn over $1.2 million from its Wells Fargo Bank account or any other account to DEI in satisfaction of the Court's Judgment and anticipated Supplemental Judgment, and that an additional $200,000 be placed into escrow pending DEI's final fee application.

Respectfully submitted,

PRYOR CASHMAN LLP

Dated: New York, New York
August 30, 2018

By: *s/William Thomashower*
William Thomashower, Counsel
Rebecca L. Matte
7 Times Square Tower
New York, NY  10036
212-421-4100
*wthomashower@pryorcashman.com*
*rmatte@pryorcashman.com*

*Attorneys for Plaintiff,*
DISNEY ENTERPRISES, INC.